IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**BEAU RIDLING RAYBURN**                                               **PLAINTIFF**

**VS.**                                                **CAUSE NO.:1:07-CV-1011-LG-JMR**

**STEVE GARBER, JOSEPH STUART,**
**JOHN SAUCIER, and DAVID JOHNSON**
**DEFENDANTS**
_____

**REPORT & RECOMMENDATION**
_____

This matter is before the Court pursuant to Motions [15-1; 17-1] for Summary Judgment filed by Defendants and accompanied by Memoranda [16-1; 18-1] in support thereof. To date, Plaintiff has failed to file a Response. The Court being fully advised in the premises, and after carefully considering the pleadings filed as a matter of record, along with the applicable law, finds that the Defendants' Motions for Summary Judgment should be granted. Accordingly, Plaintiff's Complaint in the above-captioned action should be dismissed.

**STATEMENT OF THE CASE**

Beau Rayburn, Plaintiff, filed this *pro se* § 1983 action on August 14, 2007, alleging that Defendants Steve Garber, Joseph Stuart, John Saucier, and David Johnson violated his constitutional rights. At the time that the Complaint was filed, Plaintiff was an inmate at the Pearl River County Jail. In his Complaint, Plaintiff alleges that Defendants did not allow him or any of the other inmates access to legal resources and failed to adequately protect the inmates at the jail. Plaintiff did not seek an injunction, declaratory relief, or damages, but rather sought "[a]n immediate transfer to another facility . . . ." *See* Complaint [1-1]. On August 18, 2008, Plaintiff was transferred

from the Pearl River County Jail to the Marion County Correctional Facility.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). "The mere existence of a factual dispute does not by itself preclude the granting of summary judgment." *St. Amant v. Benoit*, 806 F.2d 1294, 1296-97 (5th Cir. 1987). "The requirement is that there be no <u>genuine</u> issue of <u>material</u> fact." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In other words, "[o]nly disputes over the facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Furthermore, it is well settled in this circuit that "[b]are bones allegations are insufficient to withstand summary judgment because the opposing party must counter factual allegations by the moving party with specific, factual disputes; mere general allegations are not a sufficient response.'" *Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986) (*quoting Nicholas Acoustics Specialty Co. v. H & M Constr. Co.*, 695 F.2d 839, 845 (5th Cir. 1983)).

In considering a motion for summary judgment, the trial court views the evidence in the light most favorable to the party resisting the motion. *See Howard v. City of Greenwood*, 783 F.2d 1311, 1315 (5th Cir. 1986). To survive summary judgment, the non-movant must demonstrate the existence of a disputed issue of material fact. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 247-48 (1986). To avoid the entry of summary judgment, the non-moving party must bring forth significant probative evidence demonstrating the existence of a triable issue of fact. *See Howard*, 783 F.2d at 1315.

## APPLICABLE LAW

Federal courts cannot consider the merits of a case unless it presents an 'actual controversy,' as required by Art. III of the Constitution. *Miss. State Democratic Party v. Barbour,* 529 F.3d 538, 544 (5th Cir. 2008). Furthermore, an actual case or controversy must exist at every stage in the judicial process. *Motient Corp. v. Dondero,* 529 F.3d 532, 537 (5th Cir. 2008). "[I]t is not enough that a dispute was very much alive when the suit was filed; . . . [t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 477-78 (1990) (citations and internal quotation marks omitted). Because of the requirement of an actual controversy, federal courts have neither the power to render advisory opinions nor the authority to decide questions that cannot affect the rights of litigants in the case before them. *North Carolina v. Rice,* 404 U.S. 244, 246 (1971).

"If a case has been rendered moot, a federal court has no constitutional authority to resolve the issues that it presents." *Envtl. Conservation Org. v. City of Dallas*, 529 F.3d 519, 525 (5th Cir. 2008). "Mootness has been described as 'the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of litigation (standing) must continue throughout its existence (mootness).'" *Motient Corp.*, 529 F.3d at 537 (quoting *Arizonans for Official English v. Arizona,* 520 U.S. 43, 68 (1997)). A claim becomes moot "when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Motient Corp.*, 529 F.3d at 537. An action may become moot when "an event occurs . . . that makes it impossible for the court to grant any effectual relief . . . ." *Church of Scientology v. U. S.,* 506 U.S. 9, 12 (1992).

As noted *supra*, Plaintiff's Complaint sought only a transfer from the Pearl River County Jail. The record is clear that Plaintiff was not the designated party in a class action on behalf of

inmates of the Pearl River County Jail. Furthermore, Plaintiff did not seek monetary damages, a declaratory judgment or the imposition of an injunction against the allegedly unconstitutional conduct of Defendants. Finally, Plaintiff has failed to respond to Defendants Motion for Summary Judgment or amend his complaint to add additional claims. Therefore, the Court finds that Plaintiff's subsequent transfer from Pearl River County Jail to the Marion County Correctional Facility rendered his present claims moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir.2001); *Smith v. City of Tupelo, Miss.*, 281 Fed.Appx. 279, 282 (5th Cir. 2008); *Bray v. Young*, 261 Fed.Appx. 765, 766 (5th Cir. 2008)*; cf Brown v. Felts*, 128 Fed.Appx. 345, *346 (5th Cir. 2005)(finding that prisoner's *Bivens* action seeking release from special housing unit was rendered moot by his transfer to another prison). Because no "actual controversy" is before the Court, we are without authority to render an opinion as to the issues presented. Accordingly, Plaintiff's Complaint must be dismissed.

## **CONCLUSION**

Based on the forgoing analysis, this Court is of the opinion that Plaintiff has failed to meet his burden of demonstrating any genuine issues of material fact which would preclude summary judgment on his section 1983 claim. Therefore, this Court finds the Defendants' Motions [15-1; 17-1] for Summary Judgment should be granted, and that all claims against the Defendants should be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within ten days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.

Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United States Auto Ass'n*, 79 F.3d 1425 (5th Cir. 1996).

This the   17th   day of October,  2008.

s/ John M. Roper
CHIEF UNITED STATES MAGISTRATE JUDGE